UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., *et al.*,<br><br>            Plaintiffs,<br><br>       v.<br><br>COUNTY OF KERN, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-01260-JLT-CDB<br><br>ORDER DIRECTING PLAINTIFFS TO FILE MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM FOR E.P. AND ALEJANDRO ANDRES PEREZ, J.R.<br><br>ORDER DIRECTING PLAINTIFFS TO FILE MOTION TO PROCEED UNDER PSEUDONYM FOR E.P. OR A REPORT WHY SUCH MOTION IS NOT NECESSARY<br><br>(Doc. 1)<br><br>**14-DAY DEADLINE** |

**Background**

Plaintiff Alejandro Perez Ramos, Sr., as the natural parent and purported successor in interest of decedent minor Alejandro Andres Perez, Jr. ("A.P."), and minor E.P., by and through her purported guardian ad litems Rolando Rivera and Amalia Ramos, initiated this action with the filing of a complaint on September 23, 2025. (Doc. 1). Plaintiffs assert causes of action to recover damages pursuant to 42 U.S.C. § 1983 for Defendants' actions and/or failures resulting in the wrongful death of A.P. while in the care, custody, and control and under the supervision of the named Defendants, and injuries sustained to E.P. *See id.* at 21-22.

///

**Order Directing Plaintiffs to File Motions for Appointment of Guardian Ad Litem**

The complaint alleges that A.P. is the deceased minor child of Plaintiff Perez Ramos, Sr. *Id.* ¶ 5. The complaint further alleges that Plaintiff Perez Ramos, Sr., as the natural father of A.P. whose parental rights were never terminated, has standing to bring this action. *Id.* The complaint does not address whether there is any known guardian or conservator on behalf of A.P. to initiate a claim or lawsuit. *See id.*

Additionally, the complaint alleges that Plaintiff E.P. is a minor that is residing in the State of California and that on August 24, 2024, the Kern County Superior Court ordered a permanent plan of guardianship for E.P. with his paternal grandmother Amalia Ramos and Rolando Rivera "and terminated dependency jurisdiction except under [California Government Code Section] 366.4." *See id.* ¶¶ 6, 58, 61. The complaint also alleges that on August 25, 2025, the Honorable Gregory Pulskamp of the Kern County Superior Court granted Plaintiff E.P.'s petition for relief from California Government Code Section 945.4, and that "Plaintiffs are not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint." *Id.* ¶¶ 25, 26.

Pursuant to Eastern District of California Local Rule 202,

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Local Rule 202(a) (citing Fed. R. Civ. P. 17(c)). Because the claims of decedent minor A.P. and minor E.P. may only be brought "by a next friend or guardian ad litem," a guardian must be appointed by the Court to protect the interests of each minor Plaintiff. *See* Fed. R. Civ. P. 17(c)(2). Although Plaintiff Perez Ramos, Sr. refers to himself in the complaint as the natural parent of A.P. that retains parental rights and has standing to bring this action, and that E.P. appears in this action through her purported guardian ad litems Amalia Ramos and Rolando Rivera, as of the date of entry of this order, Plaintiffs have presented neither "appropriate evidence of the appointment of a representative for [each] minor or

incompetent person under state law" or a motion in this Court for the appointment of a guardian ad litem for each minor Plaintiff.

Accordingly, as set forth below, the Court will order Plaintiffs to file a motion for the appointment of a guardian ad litem for minor Plaintiff E.P. and decedent minor Plaintiff A.P. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202.

**Order Directing Plaintiffs to File a Motion to Proceed Under Pseudonym for E.P.**

As noted above, the complaint identifies Plaintiff E.P. as a "minor" that "was and is an individual living, and residing, in the State of California." (Doc. 1 ¶ 6). It is well established that minors may proceed in a suit anonymously. Fed. R. Civ. P. 5.2(a).

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id.* (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068-69.

Though Plaintiffs have not filed a request for minor Plaintiff E.P. to proceed in this action pseudonymously, given the sensitive and highly personal nature of the action, the Court finds it

appropriate to direct Plaintiffs to either file a motion for Plaintiff E.P. to proceed pseudonymously in this action or a report indicating why a motion for E.P. to proceed pseudonymously is unnecessary.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **within 14 days** of entry of this order:

1. Plaintiffs shall file either (a) a motion for the appointment of a guardian ad litem for minor Plaintiff E.P. and decedent minor Plaintiff A.P. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202, or (b) appropriate evidence of the appointment of a representative for minor Plaintiff E.P. and decedent minor Plaintiff A.P. consistent with state law; and
2. Plaintiffs shall file either (a) a motion for Plaintiff E.P. to proceed pseudonymously in this action, or (b) a report demonstrating that such motion is not necessary.

IT IS SO ORDERED.

Dated:   **September 29, 2025**

UNITED STATES MAGISTRATE JUDGE

4