UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>COUNTY OF KERN, *et al.*,<br><br>          Defendants. | Case No. 1:25-cv-01260-JLT-CDB<br><br>ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS<br><br>(Doc. 10)<br><br>**FIVE (5)-DAY DEADLINE** |

Pending before the Court is the notice and application of minor Plaintiff E.P., by and through her guardian ad litem Rolando Rivera,[1] and decedent minor Alejandro Andres Perez, Jr., by and through his father and successor in interest Alejandro Perez Ramos, Sr., ("Plaintiffs") to seal documents (Doc. 10), filed on October 13, 2025, and also emailed with supporting materials to the undersigned's chambers. Plaintiffs represent that the documents to be sealed—juvenile materials including (1) the Declaration of counsel for Plaintiffs Wyatt A. Vespermann ("Vespermann Decl.") describing and attaching the juvenile court records, (2) the August 24, 2022, Kern County Superior Court – Juvenile Division Minute Order attached as "Exhibit A" thereto, and (3) the October 2, 2024, Letters of Guardianship issued by the Kern County Superior Court confirming appointment of Amalia Ramos and

---

[1] Plaintiffs filed the instant notice of request to seal documents in connection with their motion to appoint guardian ad litem (Doc. 10), which motion the Court will resolve in a separate order.

1

1 Rolando Rivera as guardians of E.P., attached as "Exhibit B" thereto (collectively, the "Juvenile
2 Materials")—are designated as juvenile case files that are confidential and restricted from disclosure
3 under California Welfare and Institutions Code Section 827 and the California Rule of Court 5.552 and
4 must be sealed to protect minors' identifying information pursuant to Federal Rule of Civil Procedure
5 5.2(a) and Local Rule 140. *Id.* at 2. Plaintiffs assert good cause exists to seal the Juvenile Materials as
6 public filing would disclose confidential dependency information about a toddler and a decedent minor,
7 defeating the interests for which Section 827 was enacted to protect. *Id.*

8   Under the First Amendment, the press and the public have a presumed right of access to court
9 proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510
10 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic*
11 *Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial
12 proceedings are ordinarily to be conducted in public."). "Unless a particular court record is one
13 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana*
14 *v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut.*
15 *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

16   Where, as here, a party seeks to seal documents that are not submitted in connection with a
17 dispositive motion, the party must demonstrate "good cause" to overcome the strong presumption in
18 favor of public access to judicial records. *Id.* "This requires only a 'particularized showing' that
19 'specific prejudice or harm will result' if the information is disclosed." *Dew v. City of Seaside*, No. 19-
20 cv-06009-HSG, 2020 WL 7016638, at *2 (N.D. Cal. Apr. 15, 2020) (granting motion to seal guardian
21 ad litem application) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
22 1210–11 (9th Cir. 2002)).

23   This Court agrees with others that, because federal common law (not state law) governs the
24 sealing procedures in federal court, it "is not bound by Section 827 when determining whether to seal
25 court records." *See Warren v. Cnty. of San Diego*, No. 25-CV-1866 TWR (KSC), 2025 WL 2231301,
26 at *4 n.5 (S.D. Cal. Aug. 4, 2025) (citing cases). Nevertheless, courts routinely seal documents
27 involving minors and the Court finds that, for the reasons stated in Plaintiffs' request, good cause
28 warrants sealing Juvenile Materials. The Court further finds that, in the absence of closure, the interests

identified by Plaintiffs would be harmed.  The Court further finds that there are no additional alternatives to sealing the documents that would adequately protect the interests identified by Plaintiffs.

**Conclusion and Order**

Accordingly, pursuant to Local Rule 141 and based upon the representations contained in Plaintiffs' notice and request, IT IS HEREBY ORDERED that the Juvenile Materials including (1) the Vespermann Declaration describing and attaching the juvenile court records, (2) the August 24, 2022, Kern County Superior Court – Juvenile Division Minute Order attached as "Exhibit A" thereto, and (3) the October 2, 2024, Letters of Guardianship issued by the Kern County Superior Court confirming appointment of Amalia Ramos and Rolando Rivera as guardians of E.P., attached as "Exhibit B" thereto, shall be SEALED until further order of this Court.

It is FURTHER ORDERED within five (5) days of issuance of this Order, Plaintiffs shall submit a copy of this Order, the "Request to Seal Document" and document to be sealed by email to the Operations Section of the Clerk of the Court: ApprovedSealed@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   **October 17, 2025**

UNITED STATES MAGISTRATE JUDGE