UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>COUNTY OF KERN, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-01260-JLT-CDB<br><br>ORDER GRANTING MOTIONS TO APPOINT GUARDIAN AD LITEM FOR MINOR PLAINTIFF E.P. AND DECEDENT MINOR A.P. AND FOR E.P. TO PROCEED UNDER PSEUDONYM<br><br>(Docs. 8, 9) |

Pending before the Court are the motions of Plaintiffs, filed on October 13, 2025, (1) to appoint guardian ad litem for minor Plaintiff E.P. and decedent minor Plaintiff Alejandro Andres Perez, Jr. ("A.P.") pursuant to Federal Rule of Civil Procedure 17 and Local Rule 202, and (2) for E.P. to proceed under pseudonym in this action.[1] (Docs. 8, 9). Although Defendants have not yet appeared in this action nor filed a responsive pleading, the Court deems the filing of any opposition unnecessary before ruling on the motions. Because the Court deems the motions suitable for disposition without hearing and oral argument, the motion hearing set for November 18, 2025, will vacated. *See* Local Rule 230(g). For the reasons set forth herein, the Court will grant Plaintiffs' motions for the appointment of guardians ad litem for E.P. and A.P. and for E.P. to proceed under pseudonym in this action.

---

[1] Plaintiffs filed a notice of request to seal documents in connection with the instant motion to appoint guardian ad litem (Doc. 10), which the Court resolves in a separate order.

1

I.      **Background**

Plaintiff Alejandro Perez Ramos, Sr., as the natural parent and purported successor in interest of decedent minor A.P., and minor E.P., by and through her purported guardian ad litems Rolando Rivera and Amalia Ramos, initiated this action with the filing of a complaint on September 23, 2025. (Doc. 1). Plaintiffs assert causes of action to recover damages pursuant to 42 U.S.C. § 1983 for Defendants' actions and/or failures resulting in the wrongful death of A.P. while in the care, custody, and control and under the supervision of the named Defendants, and injuries to E.P. *See id.* at 21-22.

At the Court's direction (*see* Doc. 7), on October 13, 2025, Plaintiffs filed the pending motions and a notice of request to seal documents in connection therewith. (Docs. 8-10).

II.     **Motion to Appoint Guardian Ad Litem**

   A.      **Governing Authority**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the

individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**B.   Analysis**

  In the motion, as to minor Plaintiff E.P., Plaintiffs submit under seal an August 22, 2024, Kern County Superior Court order and letters of guardianship appointing Rolando Rivera as guardian of E.P., and request the Court recognize Mr. Rivera as E.P.'s representative under Local Rule 202(a)(1). (Doc. 8 at 3).  As to decedent minor A.P., Plaintiffs assert that no guardian ad litem can be appointed for a deceased child under Federal Rule of Civil Procedure 17(b) and (c), but rather, survivable claims must be brought by a personal representative or, if none, by a successor in interest.  *Id.*  Plaintiffs assert that no probate or ongoing estate administration is required to prosecute A.P.'s survivable Section 1983 claims.  *Id.*

  Plaintiffs' application sets forth that E.P. is a minor child that was born in 2022, and on August 24, 2024, the Kern County Superior Court ordered a permanent plan of guardianship for E.P. with her grandparents Amalia Ramos and Rolando Rivera.  *Id.* at 3-4.  Plaintiffs represent that at that time, the court terminated dependency jurisdiction except under Welf. & inst. Code § 366.4.  *Id.* at 4.  Plaintiffs represent that on October 2, 2024, the court issued Letters of Guardianship (JV-330) appointing Ms. Ramos and Mr. Rivera as guardians of E.P. with powers to make decisions about, *inter alia*, the minor child's care, custody, control, education, residence, and medical treatment. Subject to no limitations.  *Id.*

  Plaintiffs represent they have contracted with Wyatt A. Vespermann of Panish, Shea, Ravipudi LLP with an office located at 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025 to prosecute this action for E.P.  *Id.*  Plaintiffs also represent the scope and terms of the representation in this action is to help secure a monetary recovery for the harm E.P. suffered while in her foster placement, and that counsel for Plaintiffs did not become involved in this action at the behest of Defendants, directly or indirectly, nor do they have any direct or indirect relationship with Defendants.  *Id.*  Counsel for Plaintiffs represents it has not received any compensation from the instant action and is representing Plaintiffs on a contingency fee basis.  *Id.*  As to Plaintiff Alejandro Perez, Sr.'s pleading of federal Section 1983 claims relating to the wrongful death of his son, decedent minor A.P., Plaintiffs represent they are unaware of any probate or estate administration concerning A.P.'s estate.  *Id.*

Plaintiffs represent that the Kern County juvenile court appointed Mr. Rivera as E.P.'s "guardian of the person" and that Plaintiffs will file that order and letters of guardianship pursuant to Welf. & Inst. Code § 827 and Local Rule 141, which they assert is "appropriate evidence of the appointment of a representative" as contemplated by Local Rule 202(a)(1). *Id.* at 5. Plaintiffs assert that E.P.'s guardian is "a close relative, currently responsible for her care, and willing and able to direct litigation in her best interests." *Id.* Counsel for Plaintiffs represents that no conflict exists between Mr. Rivera and E.P. with respect to this action. *Id.*

Here, the Court has reviewed the filings and declaration of counsel for Plaintiffs submitted under seal and finds that Plaintiffs have adduced appropriate evidence of the appointment of a representative for E.P. consistent with state law and the Local Rules such that the Court will recognize Mr. Rivera as E.P.'s state law representative under Federal Rule of Civil Procedure 17(c)(1) and Local Rule 202(a)(1) and appoint him as guardian ad litem for E.P. in this action. *30.64 Acres of Land*, 795 F.2d at 804; *see* Vespermann Decl. ¶¶ 4-5 & Exs. A (August 24, 2022, dependency minute order) & B (October 2, 2024, JV-330 Letters of Guardianship) (Exs. A & B both lodged under seal); Local Rule 202(a)-(c); Fed. R. Civ. P. 17(c)(1).

Separately, the Court finds Plaintiffs have shown that the appointment of a guardian ad litem for decedent minor A.P. is not necessary in this action as Plaintiff Alejandro Perez, Sr. proceeds here as a successor-in-interest over any of his decedent child's claims. *See Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1093-94, n.2 (9th Cir. 2006) ("[Under California law, a] decedent's 'successor-in-interest' may prosecute the [decedent's] survival action[.]") (citing Cal. Civ. P. Code §§ 377.30, 377.32).

### III. Motion to Proceed Under Pseudonym

#### A. Governing Authority

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 5.2 provides that, unless the court orders otherwise, court filings involving minors must name the minor only by his initials. Fed. R. Civ. P. 5.2(a)(3).

The presumption that parties to a lawsuit will use their real names is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

B.   Analysis

Plaintiffs represent that this is a child-victim case arising from "extreme violence culminating in the death of E.P.'s toddler brother while the children were in protective custody" and that "E.P. is herself a toddler." (Doc. 9 at 3). Plaintiffs assert that public disclosure of E.P.'s identity will unnecessarily amplify risk of harassment, re-traumatization, and invasion of privacy such that proceeding under pseudonym is warranted here. *Id.* Plaintiffs therefore seek the Court enter an order confirming and extending the protections of Federal Rule of Civil Procedure 5.2(a) and Local Rule 140(a)(i) that "already require minors to be identified only by initials in public filings" in this litigation. *Id.* Plaintiffs assert E.P.'s need for anonymity is compelling, Defendants face no unfairness

as Defendants "already know E.P.'s identity from the [underlying] juvenile matter," and the public interest in protecting the child's privacy involving state-custody failures weighs in favor of permitting E.P. proceed under pseudonym in this action. *Id.* at 3-4.

It is well established that minors may proceed in a suit anonymously and, absent court order to the contrary, must be named only by their initials in filings before the Court. *See* Fed. R. Civ. P. 5.2(a). Given the sensitive and highly personal nature of this action involving a minor child and the demonstrated risk of harm, harassment, and injury, the Court finds good cause to grant Plaintiffs' motion for minor Plaintiff E.P. to proceed pseudonymously in this action. *See id.*; Local Rule 140(a)(i); *Advanced Textile Corp.*, 214 F.3d at 1067; *e.g.*, *Doe by and through Doe v. Mariposa Cnty. Unified School District*, No. 1:24-cv-01033-BAM, 2024 WL 4133214, *1 (E.D. Cal. Sept. 10, 2024) (granting ex parte motion to proceed under pseudonym for minor plaintiff).

## IV. Conclusion and Order

Accordingly, it is HEREBY ORDERED:

1. Plaintiffs' motion to appoint Rolando Rivera as guardian ad litem for E.P. (Doc. 8) is GRANTED;
2. Rolando Rivera is appointed to act as guardian ad litem for Plaintiff E.P. and is authorized to prosecute the action on E.P.'s behalf;
3. Plaintiffs' motion to permit minor Plaintiff E.P. to proceed pseudonymously (Doc. 9) is GRANTED. All parties and their counsel shall use the pseudonym "E.P." in place of Plaintiff E.P.'s legal name in all future pleadings and papers filed in this action;
4. The parties are prohibited from disclosing or publishing the true name of Plaintiff E.P. except by order of this Court and as necessary toward the litigation of this case; and
5. The motion hearings noticed for November 18, 2025, are VACATED.

IT IS SO ORDERED.

Dated: **October 23, 2025**

_____
UNITED STATES MAGISTRATE JUDGE