WYATT VESPERMANN
California State Bar No. 322865
MARIAH OGDEN
California State Bar No. 337054
**PANISH | SHEA | RAVIPUDI LLP**
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699
wvespermann@panish.law
mogden@panish.law

Attorneys for Plaintiffs

DEMARIA LAW FIRM
Anthony N. DeMaria (#177994)
1684 W. Shaw Ave. Suite 101
Fresno, CA 93711
Telephone: (559) 206-2410 Facsimile: (559) 570-0126
Email: ademaria@demarialawfirm.com
vbernhardt@demarialawfirm.com

Attorneys for COUNTY Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., *et al*.,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF KERN, *et al*.,<br><br>    Defendants. | Case No. 1:25-cv-01260-JLT-CDB<br><br>Assigned to: District Judge Jennifer L. Thurston<br>Referred to: Magistrate Judge Christopher D. Baker<br><br>Date Filed: 09/23/2025<br><br>**STIPULATION AND ORDER RE: PROTECTIVE ORDER <u>AS MODIFIED</u>** |

STIPULATION AND ORDER RE: PROTECTIVE ORDER

The parties hereto, by and through their respective counsel, do hereby stipulate and agree as follows:

1. The Protective Order as set forth in the following pages will be the Protective Order applicable in this action with regard to potentially sensitive documents and information the parties believe will be the subject of discovery in this proceeding and may also be subject in part to State and Federal statutes limiting public disclosure.

2. Defendant, Eichhorst, has not yet answered upon service of the Complaint and Summons in this action, but no interests of Ms. Eichhorst will be harmed or affected by the Court authorizing the application of this Protective Order to this action, and Counsel for Plaintiff shall ensure service of this filing upon Ms. Eichhorst when executed by the Court.

**IT IS SO STIPULATED**.

Dated: April 14, 2026                                        DeMaria Law Firm, APC


By:      */s/Anthony N. DeMaria*
                Anthony N. DeMaria
          Attorneys for COUNTY Defendants


Dated: April 14, 2026                                        Panish | Shea | Ravipudi LLP


By:       */s/Wyatt Vespermann*
                Wyatt Vespermann
              Attorneys for Plaintiff

STIPULATION AND ORDER RE: PROTECTIVE ORDER

## PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS/INFORMATION

*E.P., et al. v. County of Kern, et al.*
Eastern District Court of California
Case No. 1:25-cv-01260-JT-CDB

### I.    DEFINITIONS

1) The "Action" or "Matter" as used herein, refers to the case of *E.P. et al v. County of Kern* et al, 1:25-cv-01260-JT-CDB

2) The "Cases" for purposes of this Protective Order refers to Kern County Superior Court Case No.'s JUV-0613699 & JD144416-00 (Alejandro Perez), AND, JUV-0613699 & JD144417-00 (E.P.), and for purposes of the following Protective Order terms and conditions specifically relates to the "juvenile case files" for the Cases as the phrase "juvenile case files" is described by C.R.C. 5.552. Juvenile case files also include <u>for purposes of this Protective Order</u>, any law enforcement related WRITINGS (e.g. incident/police reports, audio and/or video footage or materials) relating to Plaintiffs Ashley Sinden, Alejandro Perez Jr. (deceased), Alejadro Perez Ramos Sr., Edwin Walton III, Edwin Walton IV, Estella Perez (E.P.), Roland Rivera or Amalia Perez. Any WRITINGS as that term is described at "**4)**" below, that are produced for reasons related to review or use in the Action from "juvenile case files" of the Cases are presumptively "Confidential" as defined below. Regardless of any other terms of this Protective Order, inclusive of "Confidential" defined in "**4)**" below, WRITINGS that did not originate from or were created by persons who were employees or contractors or administrative sub-units of the County of Kern are not presumptively "Confidential." The Resource Family Approval file for Margaret Eichhorst is presumptively "Confidential."

3) "Challenging Party" for purposes this Protective Order refers to a Party or Non-Party that challenges the designation of information or items as "Confidential" under this Order by another party.

4) "Confidential" and/or "Confidential Information" for purposes of this Protective Order refers to WRITINGS as that term is defined by California Evid. Code 250, and further includes the kinds of materials and other tangible items and information in various forms as described in FRCP 34(a)(1)(a), that may qualify as Protected Material and/or have been designated

3

"Confidential" by a Party or Non-Party.

5) "Counsel" for purposes this Protective Order refers to attorneys of record in the Action and their affiliated attorneys, paralegals, clerical, and secretarial staff who are actively involved in prosecuting or defending in the Action.  Should any non-lawyer (eg. an expert or consultant for an attorney/party) be given access to Confidential Materials the Counsel that provides those Confidential Materials to the Non-Party person or entity shall advise the recipient(s) in writing that such materials are being disclosed pursuant to, and subject to the terms of this Protective Order, shall provide the recipient(s) with a copy of this Protective Order, and shall expressly advise the recipient(s) that they may not be disclosed other than pursuant to the terms of this Protective Order.

5) "Designating Party" for purposes this Protective Order refers to a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

6) "Disclosure or Discovery Material" for purposes this Protective Order refers to all WRITINGS as that term is defined above that are produced or provided from one or more parties to one or more other parties in this litigation which are protected from public disclosure under a specifically applicable State or Federal Law.

7) "Expert" for purposes of this Protective Order is defined as a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant for the Action; Experts hired for consultation or retention in the Action may be provided Protected Material and Confidential Information provided terms of **I(5)** above are complied with.

8) "Non-Party" for purposes of this Protective Order refers to any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

9) "Party" for purposes of this Protective Order refers to any party Plaintiff or Defendant in the Action, including in the case of an entity or governmental administrative sub-unit, all of its/their officers, directors, employees, consultants, Experts and support staff.

///

4

STIPULATION AND ORDER RE: PROTECTIVE ORDER

10) "Producing Party" for purposes this Protective Order refers to a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

11 ) "Professional Vendor" for purposes this Protective Order refers to persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

12) "Protected Materials" for purposes of the following provisions refers to any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" by a Designating Party.

13) "Receiving Party" for purposes of this Protective Order refers to a Party that receives Disclosure or Discovery Material from a Producing Party.

## II. SCOPE

1) The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material;

2) all copies, excerpts, summaries, or compilations of Protected Material;

3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge; this Order does not govern the use of Protected Material at trial.

## III. DURATION OF CONFIDENTIALITY PROTECTIONS END AT TRIAL

1) Once a case proceeds to a trial all of the information that was designated as Confidential or Protected Material pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180–81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing WRITINGS produced in discovery from "compelling reasons" standard when merits-related WRITINGS are part of court record). Accordingly, the terms of this Protective Order do not extend beyond the

STIPULATION AND ORDER RE: PROTECTIVE ORDER

commencement of the trial.

## IV.  DESIGNATING PROTECTED MATERIAL

Exercise of Restraint and Care in Designating Material for Protection.

1)  Each Party or Non-Party that designates information or items for protection as Confidential under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and the terms of this Protective Order. The Designating Party must designate for protection only those parts of WRITINGS that qualify so that other portions of the WRITINGS for which protection from public disclosure is not warranted by existing State of Federal law are not swept unjustifiably within the ambit of this Protective Order.

2)  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that WRITINGS the Designating Party designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the inapplicable designation of the WRITINGS.

Manner and Timing of Designations

3)  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before and/or at the time the material is disclosed or produced.  Designation in conformity with this Order requires the following:

a)  For WRITINGS in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party will affix, at a minimum, a legend, stamp, or label indicating  "CONFIDENTIAL" to each page that contains Confidential Information, and make such markings, highlights, and/or margin notes

STIPULATION AND ORDER RE: PROTECTIVE ORDER

as necessary within a specific page to readily distinguish Confidential Information from non-Confidential Information contained within a single page of a WRITING.

b) In the event a WRITING consists of a video or an audio recording, the Producing Party shall produce the Confidential Information simultaneous with a separate document identifying the video or audio recording by its electronic filename and associated Bates number, if used, and also in the separate document identifying what portion of any such items it is designating as Confidential Information, by identifying the beginning time and ending time of any Confidential Information qualifying portion of the video or audio recording. The item, if stored and produced in a container, may also be labeled as CONFIDENTIAL if it is the Producing Party's intention to identify the entirety of the video or audio recording as Confidential Information.

c) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."

d) After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend, stamp or label to each page that contains Protected Material.

Inadvertent Failures to Designate

4) If timely corrected, an inadvertent failure to designate qualified Confidential Information or items does not standing alone waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

///

///

///

STIPULATION AND ORDER RE: PROTECTIVE ORDER

## V.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

Timing of Challenges

1)  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with any Scheduling Order entered by the Court in this action.

Meet and Confer

2)  The Challenging Party shall first seek to meet and confer with the Designating Party, and if agreement cannot be reached, shall initiate the dispute resolution process under Local Rule 251 et seq if there is a dispute as to a WRITING or a portion of a WRITING that has been designated as Confidential.

Judicial Intervention

3)  Pursuant to Local Rule 302(c)(1), any challenge to a confidentiality designation will be brought as a motion before the Court only after having exhausted the Court's mandatory informal discovery dispute procedures as set forth herein: No written discovery motions shall be filed without the prior approval of Judge Baker.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker.  To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov.  At least two days before the conference, counsel shall file a joint, informal letter brief detailing each party's position.  Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position.  At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel.  Counsel must comply with Local Rule 251 with respect to discovery disputes and certify their compliance in any discovery motion. Failure by the Designating Party to make such a motion shall automatically waive the confidentiality designation

STIPULATION AND ORDER RE: PROTECTIVE ORDER

for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation only after having exhausted the Court's mandatory informal discovery dispute procedures as referenced above, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and has exhausted the Court's mandatory informal discovery dispute procedures as referenced above.

4) The burden of persuasion in any such challenge or contested proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

Basic Principles

1) A Receiving Party may use Confidential and/or Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Confidential and/or Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

2) Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the person/persons authorized under this Order.

Disclosure of "CONFIDENTIAL" Information or Items

3) Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to

9

STIPULATION AND ORDER RE: PROTECTIVE ORDER

those identified in section **1(4)**, and the following;

    a)  The court and its personnel, court reporters, court reporters and their staff;

    b)  Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    c)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    d)  Persons during their depositions, witnesses, and attorneys for witnesses

    e)  Any mediator or settlement officer, and their supporting personnel, which the Party's have engaged in settlement, mediation, or other alternative dispute resolution processes.

## VII.   PROTECTED MATERIAL SUBPOENAED/ORDERED OTHER LITIGATION.

1) If a Party is served with a subpoena or a court order issued in other litigation that seeks to compel disclosure of any information or items designated in this matter as "CONFIDENTIAL" must:

a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to a Protective Order;

c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; this does not mean the non-Designating Party must agree with Designating Party's position.

d) If the Designating Party timely seeks a protective order, or to in any manner invoke the terms of this Protective Order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in the other court or action from which the subpoena or order was issued or

10

obtained, of the subject material's confidential nature; nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## VIII. NON-PARTY'S PROTECTED MATERIAL SOUGHT IN THIS ACTION

1) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2) In the event a Party is required by a valid discovery request from a Requesting Party to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

3) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested, copying the Requesting Party in any communications with the Non-Party in this regard as well at the same time; and

4) Make the information requested available for inspection by the Non-Party, if requested.

5) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

STIPULATION AND ORDER RE: PROTECTIVE ORDER

### IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

1) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### X.  INADVERTENT PRODUCTION & PRIVILEGE LIST REQUIREMENT

1) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

2)  Counsel for any Producing Party subject to this Protective Order, shall ensure that with the production of any WRITINGS to another Party, Non-Party, Counsel provides a Privilege Log identifying any redactions of WRITINGS, or entire WRITINGS withheld, in which to the extent relevant, the log indicates the relevant date, author(s), recipient(s), the general subject matter or content, as well as the specific privilege or protection being asserted, including any statutory authority for withholding the information or entire WRITING.  The Parties hereto acknowledge that they understand and agree the goals of a Privilege Log are to provide enough information to justify the claim of privilege without disclosing the privileged information itself, and give the other Party/ies enough information to make an informed and reasoned decision on the propriety of objecting to the withholding of redacted information or an entire WRITING, or

STIPULATION AND ORDER RE: PROTECTIVE ORDER

waiving any such objection(s).

## XII.  MISCELLANEOUS

1)  Right to Further Relief. Nothing in this Protective Order abridges the right of any Party or person to seek its modification by the Court in the future.

2)  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3)  Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

4)  Nothing herein prohibits any Party from seeking a ruling from the Court that any item produced in discovery is not, or should not be, deemed confidential, and requesting an Order not requiring the filing of any item under seal.

## XIII. FINAL DISPOSITION

1)  After the final disposition of this Action which for all purposes is that point in time where there are no appealable rights on any issue remain, within 60 days of a written request by the Designating Party, Counsel for each Receiving Party must return all Protected Material to the Counsel for Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, but does not include such items prepared by the Counsel (i.e. attorney work product). Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material other than as excepted in paragraph

13

STIPULATION AND ORDER RE: PROTECTIVE ORDER

2 below, was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material other than as excepted in paragraph 2 below.

2) Notwithstanding the foregoing provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

3) Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

4) All WRITINGS constituting Protected Material from the juvenile case file are not required to be destroyed by the parent Ashley Sinden or her Counsel, each of whom has the right to receive and possess copies of any and all juvenile case files pursuant to W&IC 827(a)(1)(D&E); (a)(3)(A)(1); (a)(4&5), notwithstanding any terms of this Protective Order.

**END**

IT IS SO ORDERED.

Dated:   **April 16, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

14
STIPULATION AND ORDER RE: PROTECTIVE ORDER